```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF INDIANA
                  SOUTH BEND DIVISION

BUBBA BROWN,                    )
                                )
Plaintiff,                      )
                                )
vs.                             )   CAUSE NO. 3:08-CV-021
                                )
KENNETH J. FALK,                )
et al.,                         )
                                )
Defendants.                     )
```

## OPINION AND ORDER

This matter is before the Court on the complaint filed by Plaintiff, Bubba Brown, on January 8, 2008. For the reasons set forth below, this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A because it is barred by the doctrine of *res judicata* and because it is frivolous or malicious.

BACKGROUND

Bubba Brown, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. In this complaint, Brown presents the same claims against the same defendants as he did in *Brown v. Falk*, 3:07-CV-515 (N.D. Ind. filed October 23, 2007). As in Case No. 3:07-CV-515, in this case, Brown explains that he was a member of a class action lawsuit filed by the ACLU of Indiana in the United States District Court for the Southern District of Indiana involving the mental health treatment of inmates at the Wabash Valley Correctional

Facility, Secured Housing Unit ("SHU"). *See Mast v. Donahue*, 2:05-CV-0037 (S.D. Ind. filed February 3, 2005). Brown repeats his disagreement with the settlement that was reached in that class action. Brown again describes how conditions at the Maximum Control Complex in Westville, Indiana (his current place of incarceration) are inconsistent with that settlement. He goes on to again discuss his mental illness and complain that he is not receiving mental health counseling, only medication.

DISCUSSION

Pursuant to 28 U.S.C. section 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, does not state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, which does not state a claim upon which relief can be granted. The Court applies the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

2

> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

The claims presented in this case and the defendants sued are the same as the ones in the complaint filed by Bubba Brown in *Brown v. Falk*, 3:07-CV-515 (N.D. Ind. filed October 23, 2007). That case was dismissed with prejudice on November 20, 2007. The Seventh Circuit has found that under the doctrine of *res judicata*:

> [A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. The three requirements for *res judicata* under federal law are: (1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits. If these requirements are fulfilled, *res judicata* bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action. Simply put, the doctrine of *res judicata* provides that, when a final judgment has been entered on the merits of a case, it is a finality as to the claim or demand in controversy, concluding parties and

3

> those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

*Highway J Citizens Group v. United States DOT*, 456 F.3d 734, 741 (7th Cir. 2006) (quotation marks and citations omitted).  Here the parties are exactly the same; the causes of action are the same; and a final judgment was rendered by this Court, with prejudice, less than two months ago. Bringing the same dismissed claims against the same defendants is not only barred by the doctrine of *res judicata*, it is both legally frivolous and malicious.

It is true that in *Brown v. Falk*, 3:07-CV-515 (N.D. Ind. filed October 23, 2007), the Court held open the prospect that Brown might have a different claim, perhaps even against different defendants, that he had not raised in that case:

> If, however, Brown's doctors have in fact recommended a different course of treatment but the prison officials knowingly prevented him from receiving it, and Brown filed a complaint that could be fairly read to make such a claim, then that complaint may well survive § 1915A scrutiny. But that is not the case with the present Complaint.

*Brown v. Falk*, 3:07-CV-515, DE 6 at 4.  But the present case does not make such a claim.  Brown makes no mention of being prescribed medical treatment by his doctors which is being obstructed by prison officials.  The present complaint is nothing like the hypothetical posed by the Court in its prior judgment in *Brown v. Falk*; it is merely a recitation of the same meritless claims that

4

were previously addressed and dismissed.

CONCLUSION

    For the reasons set forth above, this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A because it is barred by the doctrine of *res judicata* and because it is frivolous or malicious.

**DATED: January 22, 2008**          /s/ **RUDY LOZANO, Judge**
                                                                      **United States District Court**